IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JOHN DILLARD, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. |
| | )   2:87-CV-1289-MHT |
| TOWN OF RUTLEDGE | ) |
| | ) |
|     Defendant. | ) |

**JOINT MOTION TO SHOW CAUSE**

Pursuant to this Court's Order of December 8, 2006, (No. 693) in *Dillard v. Crenshaw County,* The State of Alabama, by and through the undersigned liaison counsel, and the Dillard Plaintiffs, by and through one of their attorneys, jointly move this Court to direct the Town of Rutledge, the defendant in this action, to show cause why this case should not be dismissed. In support of this Joint Motion, the parties state:

1. In the Consent Decree and Order entered on January 27, 1988, that has applied to this day, this Court directed, among other things, that the Town Council for the Town of Rutledge "shall consist of 5 members elected at-large, without designated or numbered places and with the 5 candidates receiving the most votes being elected and each voter casting only one vote."

2. In Act No. 2006-252, the Alabama Legislature provided a state-law basis for the remedial order entered in this case. The Legislature further provided that the size of the Town Council, its method of election, or both, can be changed by general or local law in the future. Act No. 2006-252 was precleared on July 19, 2006, and is therefore effective and enforceable.

3.   In the past, federal court orders, some entered by consent and some entered without the consent of the defendants, changing the size of the local governing body, its method of election, or both, have been challenged on the ground that they may have exceeded the court's remedial powers, conflicted with state law or both.  With respect to the Town of Rutledge, Act No. 2006-252 moots any such contention.

4.   The dismissal of this case will leave the limited voting scheme in place.

5.   Pursuant to this Court's Order, in conjunction with the filing of this Motion, a version of Exhibits A and B in Word or WordPerfect format will be e-mailed to the court.

WHEREFORE, the State and the Plaintiffs jointly request that this Court:

A.   Enter an Order in the form of Exhibit A requiring the Town of Rutledge to show cause why this Court should not declare that Act No. 2006-252 provides state legislative authority for the method of election and number of seats prescribed by the consent decree in this action, why the consent decree should not be dissolved, and why this action should not be dismissed; and

B.   Unless, within 60 days from the issuance of said order, good cause otherwise is shown, enter a final judgment in the form of Exhibit B:

(1)   declaring that Act No. 2006-252 provides state legislative authority for the method of election and number of seats prescribed by the consent decree in this action;

(2)   dissolving the consent decree in this action; and

(3)   dismissing this action.

Respectfully submitted February 2, 2007.

TROY KING (KIN047)
ATTORNEY GENERAL
BY:

s/ John J. Park, Jr.
John J. Park, Jr. Bar Number: (PAR041)
Special Deputy Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 353-8440
E-mail:  jpark@ago.state.al.us

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non CM/ECF participants):

Town of Rutledge
Post Office Box 85
Rutledge, AL 36071

James U. Blacksher, Esq.
jblacksher@ns.sympatico.ca; jubatty@bellsouth.net

Edward Still, Esq.
docket@votelaw.com; votelaw@bellsouth.net

s/ John J. Park, Jr.
John J. Park, Jr. Bar Number: (PAR041)
Assistant Attorney General
Office of the Attorney General
11 S. Union Street
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 353-8440
E-mail:  jpark@ago.state.al.us